IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MOSES ENTERPRISES, LLC,

        Plaintiff,

v.                                      CIVIL ACTION NO.   3:19-0477

LEXINGTON INSURANCE COMPANY and
AIG CLAIMS, INC.,
aka AIG COMMERCIAL PROPERTY CLAIMS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This case arises out of the defendants' denial of coverage for losses incurred when plaintiff Moses Enterprises, LLC sold a vehicle to a fraudulent buyer. Moses now moves for partial summary judgment on the issue of whether the defendants unlawfully denied coverage. For the reasons below, the Court finds the defendants unlawfully denied Moses's claim and **GRANTS** partial summary judgment in favor of Moses.

**I. BACKGROUND**

The facts relevant to Moses's motion are simple and undisputed. Moses was insured under a general liability policy from defendant Lexington Insurance Company. ECF No. 26-1, at 2. The policy included the following coverage for loses resulting from trick, device, and false pretense:

> We will pay for loss which you incur as a result of any person causing you to voluntarily acquire an automobile or part with evidence of title to or possession of a Covered Automobile as a result of a fraudulent trick or scheme or under false pretense. Such acquisition or parting of title or automobile must have been induced by a criminal scheme, criminal trick, criminal device or criminal false pretense and must be reported to us within 90 days of the date of such acquisition or parting.

ECF No. 26-4, at 2.

On August 2, 2018, Moses sold a 2017 Toyota Highlander for $41,223.91. ECF No. 26-2. The vehicle was financed by United Bank. *Id.* On November 15, a man reported to law enforcement that his identity had been stolen to purchase the vehicle. ECF No. 26-6, at 7. United Bank then notified Moses on November 28 of the fraudulent purchase. ECF No. 26, at 2. Moses contacted its insurance agency the same day to inform them of the loss. ECF No. 26-3. Moses then submitted a formal claim with the defendants on December 4. ECF No. 26-4. On December 31, the defendants denied the claim on the basis that Moses failed to notify Lexington of the loss within ninety days after parting with the vehicle as required by the liability policy. *Id.* Moses then filed suit against the defendants for: (1) breach of first party insurance contract; (2) violation of the West Virginia Unfair Trade Practices Act; (3) common law bad faith; and (4) reasonable expectation of coverage. ECF No. 1 ¶¶ 25–50. Moses now moves for partial summary judgment on the issue of whether the defendants unlawfully denied Moses's claim on the basis of Moses filing the claim past the policy's time limit. ECF No. 25.

## II. LEGAL STANDARD

A court will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). "The moving party is 'entitled to judgment as a matter of law' when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial." *Id.* (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999)). At

summary judgment, the Court will not "weigh the evidence and determine the truth of the matter," nor will it make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249 (1986); *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991). Instead, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (internal quotations omitted).

### III. DISCUSSION

Moses argues that West Virginia Unfair Trade Practices Act regulations expressly prohibit an insurance company from requiring a first party claimant to provide notice of loss within a specified time period. ECF No. 26, at 4–6. The relevant regulation, West Virginia Code of State Rules § 114-14-4.4, states: "[e]xcept where a time limit is specified by statute or legislative rule, no insurer may require a first-party claimant to give notification of a claim or proof of claim within a specified time." Because of this regulation, Moses contends, Lexington cannot enforce the ninety-day notification provision in its policy.

Section 114-14-4.4 prohibits the strict enforcement of notice requirements because West Virginia is committed instead to a "substantial compliance" standard based on reasonableness. *Colonial Ins. Co. v. Barrett*, 542 S.E.2d 869, 874 (W.Va. 2000) (citation omitted). Notice provisions are "liberally construed in favor of the insured" rather than "read as a series of technical hurdles." *Id.* (citation omitted). Where, as here, the insured failed to strictly comply with the timing requirements of a policy, courts look to the "length of the delay in notifying the insurer" and "the reasonableness of the delay" to assess whether the insured substantially complied. Syl. Pt. 2, *Colonial Ins. Co.*, 542 S.E.2d at 870 (citation omitted). Whether the insured notified the insurance company within a reasonable time is generally a question of fact. *Id.* at 875 (citation omitted). "If the delay appears reasonable in light of the insured's explanation, the burden shifts to the insurance

company to show that the delay in notification prejudiced their investigation and defense of the claim." *Id.* at syl. pt. 2. "If the insurer can produce evidence of prejudice, then the insured will be held to the letter of the policy . . . and barred from making a claim against the insurance company." *Id.* "If, however, the insurer cannot point to any prejudice caused by the delay in notification, then the claim is not barred by the insured's failure to notify." *Id.*

Moses filed its claim with Lexington on December 4, 2018, approximately five weeks after the policy's ninety-day-limit. *See* ECF No. 26-4. However, the undisputed facts are that law enforcement did not learn of the fraudulent purchase until November 15 and that Moses did not know of it until November 28. ECF No. 26-6, at 7; ECF No. 26, at 2. Upon learning of the fraud, Moses contacted its insurance agency the same day and filed its formal claim with Lexington less than a week later. *Id.*; ECF Nos. 26-3, 26-4. Although the reasonableness of a delay is a question of fact, a reasonable jury could not conclude Moses's delay in filing its claim was unreasonable because Moses did not learn of the fraud until after the ninety-day limit expired and Moses acted promptly upon discovering the fraud. Faced with these undisputed facts, the burden shifted to the defendants to show the timing of Moses's claim prejudiced the defendants' investigation of the claim, but the defendants offered no argument or evidence to that effect. *See* ECF No. 30, at 5; *see Am. Towers LLC v. BPI, Inc.*, 130 F. Supp. 3d 1024, 1030–32 (E.D. Ky. 2015) (rejecting lack of notice argument under the *Colonial Ins. Co.* standard because defendant failed to show it was prejudiced). The Court therefore concludes Moses's claim is not barred on the basis of delayed notice.

The defendants argue that Moses's motion for partial summary judgment is premature because discovery is ongoing. ECF No. 30, at 6. However, section (b) of Federal Rule of Civil Procedure 56 provides that "a party may file a motion for summary judgment *at any time* until 30

days after the close of all discovery" (emphasis added). Thus, summary judgment motions during the discovery period are not prohibited. Section (d) of Rule 56 does allow a nonmovant to oppose summary judgment if the nonmovant shows by affidavit or declaration that certain essential facts are currently unavailable, but the defendants did not submit an affidavit or declaration explaining why deciding Moses's motion at this time is inappropriate.

## IV. CONCLUSION

The Court therefore **GRANTS** Moses's Motion for Partial Summary Judgment, ECF No. 25, and finds that the defendants unlawfully denied coverage for the losses Moses incurred as a result of the fraudulent vehicle purchase on August 2, 2018. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 26, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE