IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MOSES ENTERPRISES, LLC,**

    **Plaintiff,**

v.                                                Case No.:  3:19-cv-00477

**LEXINGTON INSURANCE COMPANY**
**and AIG CLAIMS, INC., aka AIG**
**COMMERCIAL PROPERTY CLAIMS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending are two Motions to Compel and a Motion to for Leave to Exceed the 20-Page Memorandum Limit. (ECF Nos. 27, 28, 36). The Court **GRANTS** the Motion for Leave to Exceed, and for the reasons that follow, also **GRANTS** both Motions to Compel. Preliminarily, the Court rejects the arguments pertaining to a failure of the adverse party to comply with the Local Rules of this District. As neither party faithfully adhered to the Local Rules, those arguments lack traction.

### 1. Plaintiff's Motion to Compel (ECF No. 27)

After discussion between the parties, the issues in dispute were narrowed. Therefore, only the remaining issues are addressed herein. Plaintiff seeks an Order compelling full and complete responses to its First Set of Requests for Production of Documents Nos. 1, 2, 5, 8, 9, 10, 14, 15, 16.

Request Nos. 1 and 2 ask for documents related to the insurance policy

covering the alleged loss and the claim asserted by Plaintiff. Defendants confirm that they have provided responsive documents. However, Plaintiff is dissatisfied with this representation in light of Defendants' objections to the requests. Defendants claim that Request Nos. 1 and 2 seek documents that are irrelevant; that are protected from disclosure by the attorney/client privilege or as attorney work product; and that the requests themselves are overly broad. Without waiving the objections, Defendants produced documents, leaving Plaintiff in the position of not knowing whether other responsive documents exist and are being withheld on the basis of one or more of the objections asserted.

Clearly, the documents sought in Request Nos. 1 and 2 are relevant and should be produced unless they are protected from disclosure. To the extent they are protected from disclosure, Defendants must contemporaneously submit a privilege log. *See* Fed. R. Civ. P. 26(b)(5). Accordingly, within **fourteen days**, Defendants are **ORDERED** to produce any additional documents responsive to Request Nos. 1 and 2, unless they are protected from disclosure. As to documents that are withheld, Defendants shall submit a contemporaneous privilege log consistent with the federal rules. *See Johnson v. Ford Motor Company,* 309 F.R.D. 226, 232-33 (S.D.W. Va. 2015). If a protective order is needed, the parties shall complete and submit the court-approved protective order available on the District's website.

In Request No. 5, Plaintiff seeks copies of the complete complaint logs that Defendants are required to maintain pursuant to this State's regulations. Defendants agree only to produce "portions of the complaint log documenting any complaints made with respect to similar claims for the five (5) year period preceding the date of the claim." (ECF No. 33 at 10). Plaintiff appears willing to limit the time frame to five

2

years prior to the date of its claim, but wants *complete* complaint logs, not just the portions deemed by Defendants to involve "similar claims." The Court agrees with Plaintiff. Plaintiff's discovery should not be limited by what Defendants determine to be "similar." Therefore, within **fourteen days**, Defendants are **ORDERED** to produce the complete complaint logs for the five-year period preceding the date on which Plaintiff made its claim in this case.

Request No. 8 asks for manuals, educational materials, and written instructions used to train Defendants' employees and contractors, who were involved in addressing Plaintiff's claim. Defendants first objected to the request and failed to supply any documents. Defendants later represented that they believed no such documents existed, but agreed to "make a further good faith search." (ECF No. 33 at 12). Accordingly, Defendants are **ORDERED** to conduct a good faith search and produce, within **fourteen days**, any responsive documents. If there are no responsive materials, Defendants shall definitely answer the request to that effect. To the extent Defendants claim the documents contain proprietary business information or trade secrets, Defendants may submit a privilege log covering any documents withheld. However, Defendants should first ensure that the excluded information meets the definition of proprietary business information before withholding it. *See, e.g., In re American Medical Systems, Inc.,* MDL No. 2325, 2016 WL 3077904, at *3 (S.D.W. Va. May 31, 2016); *Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, No. 5:13-CV-80, 2014 WL 12596397, at *3 (N.D.W. Va. Jan. 9, 2014). In addition, Defendants should consider whether a protective order would adequately safeguard any such material. If so, the material should be produced.

Plaintiff requests documents pertaining to reviews done by state, administrative or other governmental agencies related to claims made under Inland Marine Dealers Open Lot Coverage Policy or other similar policies. Defendants do not object to providing this information, but argue that the request lacks a relevant time frame. Defendants offer to produce responsive documents for the three-year period prior to Plaintiff's claim. In response, Plaintiff wants documents for the five-year period before its claim was made to Defendants. Given that Defendants have failed to provide any rationale for limiting their search and production to three years, and Defendants bear the burden of supporting their objection, Defendants are **ORDERED** within **fourteen days** to produce the requested materials for the five-year period preceding Plaintiff's claim.

With respect to Plaintiff's Request No. 10 for Defendants' financial information, the undersigned finds that, in view of this Court's granting of Plaintiff's partial motion for summary judgment, Plaintiff is entitled to this information. However, the time frame requested by Plaintiff is too long. Therefore, Defendants are **ORDERED** to provide Plaintiff within **fourteen days** the requested financial documentation for the years 2017, 2018, and 2019.

For the reasons previously stated, pursuant to Request Nos. 14 and 15, Defendants are **ORDERED** to produce within **fourteen days** materials related to any complaints filed against them with the State of West Virginia related to claims processing, handling, investigation and/or payment, as well as any bad faith complaints filed in any State, within the last five years.

Finally, Plaintiff's motion to compel a response to Request No. 16, as initially posed, is **GRANTED**, with the exception that the information shall only be produced

4

for each unit, office, region, and individual that played a direct or supervisory role in investigating, reviewing, managing, and/or denying Plaintiff's claim. Defendants shall answer the request within **fourteen days**.

### 2. Defendants' Motion to Compel (ECF No. 36)

Defendants request information regarding Plaintiff's claim for attorney's fees and costs and seek documentation of the claimed damages. Plaintiff objects on the basis that attorney's fees and costs "are a continuing expense which will be increasing during the litigation." (ECF No. 37 at 3). Plaintiff also argues that providing this information may disclose to Defendants the strategy, research, and activities of Plaintiff's counsel. These objections are not sufficient to preclude Defendants from gathering information pertinent to an element of Plaintiff's claimed damages in this litigation. *See, e.g., Morgan v. Safeway Inc.*, No. WMN-11-1667, 2012 WL 2135601, at *2 (D. Md. June 11, 2012); *Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours & Co.*, No. 2:09-CV-1081, 2013 WL 607969, at *17 (S.D. Ohio Feb. 19, 2013), *aff'd sub nom. Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.*, No. 2:09-CV-1081, 2014 WL 5857994 (S.D. Ohio Nov. 12, 2014). As plaintiff has prevailed on one key aspect of its claim, which likely will lead to a recovery of attorney's fees, the amount of fees incurred to date is relevant. *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80 (W.Va. 1986). Accordingly, within **fourteen days**, Plaintiff is **ORDERED** to provide Defendants with the fees and costs incurred through the date of the response. Plaintiff may redact any information contained in documents that would disclose attorney work product or attorney/client communications. Plaintiff is obligated to supplement its responses reasonably in advance of trial to account for fees and costs incurred after the date of the discovery

5

responses.

    The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** May 27, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge