IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MOSES ENTERPRISES, LLC,**

      **Plaintiff,**

v.                                                                                   Case No.:  3:19-cv-00477

**LEXINGTON INSURANCE COMPANY
and AIG CLAIMS, INC., aka AIG
COMMERCIAL PROPERTY CLAIMS,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending are three motions: Plaintiff's motion and supplemental motion for sanctions, (ECF Nos. 53, 55), and Defendants' motion for sanctions. (ECF No. 58). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Sanctions, (ECF No. 53), **DENIES** Plaintiff's Supplemental Motion for Sanctions, (ECF No. 55), and **GRANTS** Defendant's Motion for Sanctions, (ECF No. 58), all as set forth below.

**I.**     **Relevant History**

This action arises from a dispute over insurance coverage. Plaintiff, which owns and operates automobile dealerships, secured commercial general liability coverage from Defendant, Lexington Insurance Company ("Lexington"), in April 2018, with an extension of coverage for losses related to "Trick, Device, and False Pretense." In August 2018, Plaintiff suffered a loss when an individual, using stolen identity, fraudulently purchased a vehicle at Plaintiff's Huntington location. Plaintiff submitted a claim to

1

Lexington for the loss of the vehicle. Lexington, through its claims adjuster, AIG, subsequently denied the claim on the ground that it was not timely submitted. On June 25, 2019, Plaintiff filed the complaint herein, alleging various causes of action related to Lexington's denial of coverage.

On April 23, 2020, Plaintiff filed a Motion to Compel, and approximately three weeks later, Defendants filed a Motion to Compel. (ECF Nos. 27, 36). On May 27, 2020, the undersigned entered a Memorandum Opinion and Order, granting both motions to compel. (ECF No. 41). In the Order, Defendants were given fourteen days to produce various documents, and Plaintiff was given fourteen days to provide information regarding attorney's fees and costs incurred to date in the litigation. (*Id.*). The parties were instructed that if a protective order was needed, they should sign and tender the Court's approved protective order available on its website. (*Id.* at 2).

On June 8, 2020, Defendants filed a motion for enlargement of the deadline for producing documents, indicating that it was taking Defendants longer than anticipated to collect the compelled documents and asking for an additional ten days—until **June 20, 2020**—in which to comply with the Court's Order. (ECF No. 43). Defendants mentioned in the motion that they were working with Plaintiff on some alterations to the Court's approved protective order, but might "be forced to file a Motion for Protective Order." (*Id.* at 3). Defendants did not request that the enlargement of time be conditioned on the entry of a protective order. Instead, Defendants asked for a flat ten-day extension. Finding Defendants' arguments to have merit, the Court entered an Order granting Defendants the additional ten days, exactly as requested. (ECF No. 44).

On June 29, 2020, Plaintiff filed a Motion for Sanctions, (ECF No. 53), asserting that it had received "no documents" from Defendants. (*Id.* at 1). Plaintiff indicated that

2

Defendants had refused to produce the documents, as ordered, because a protective order had not yet been entered. Plaintiff pointed out that the duty of production was not conditioned on the entry of a protective order; consequently, Defendants' "bad faith" in connection with their discovery obligations justified the imposition of sanctions. (ECF No. 53). Defendants responded by stating that, contrary to Plaintiff's representation, they had made a partial production of documents on June 19, prior to the deadline, and had provided the remaining documents within a few business days after the protective order was entered. (ECF No. 60).

On July 6, 2020, Plaintiff filed a supplemental Motion for Sanctions, explaining that shortly after the first motion for sanctions was served, Defendants provided Plaintiff with a password protected link to documents, but did not provide the password. Plaintiff obtained the password the following day—now ten days after the mandated date of production—and reviewed the documents. In the course of this review, Plaintiff discovered that Defendants had engaged in "intentional, continuous, and repeated" misconduct "in connection with their discovery obligations." (ECF Nos. 55, 56). Plaintiff argued that this additional malfeasance further supported its motion, and asked for costs, fees, and "substantial sanctions." (ECF No. 56 at 6). In a responsive brief, Defendants contested the accuracy of Plaintiff's new accusations. (ECF No. 65).

While Plaintiff's sanctions motions were pending, Defendants filed their own motion for sanctions. (ECF No. 58). Defendants asserted that Plaintiff had failed to produce the documents it was compelled by court order to produce. Specifically, Defendants had requested documentation of the attorney's fees and litigation costs, which Plaintiff claimed as an element of damages. According to Defendants, although the Court ordered Plaintiff to produce the documentation, Plaintiff supplied only the total amount

3

of fees and costs, without any supporting records. Defendants suggested that, as a sanction for Plaintiff's willful violation of the Court's Order, its claim for attorney's fees and costs should be stricken. (*Id.* at 3).

## II. Standard for Determining Sanctions

Federal Rule of Civil Procedure 37(b) allows the district court to award sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). To justify an award of sanctions under Rule 37(b), two conditions precedent must exist: (1) there must have been a court order directing a party to permit or provide discovery, and (2) the party must have violated the order. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 518-20 (D. Md. 2010). While Rule 37(b)(2)(A) includes some options, the court enjoys broad discretion in fashioning its sanction, with only two overarching standards. "First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Insur. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982).

The United States Court of Appeals for the Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose" under Rule 37(b). *Belk v. Charlotte-Mecklenburg Bd. of Educ.,* 269 F.3d 305, 348 (4th Cir. 2001). The court should consider: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the need to deter the demonstrated noncompliance; and (4) the efficacy of a less drastic sanction. *Id.* "While all four factors are relevant to the Court's exercise of discretion, a finding of bad faith is not a necessary precursor to impose attorney's fees and

costs incurred as a result of a party's failure to comply with discovery. *White v. Golden Corral of Hampton, LLC*, No. 4:13CV27, 2013 WL 12143951, at *1 (E.D. Va. Dec. 20, 2013) (citing *Southern States Rack and Fixture. Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003)).

### III. <u>Plaintiff's Motion for Sanctions</u>

By court order, Defendants were required to provide Plaintiff with certain documents no later than June 20, 2020. Defendants produced some of those documents on June 19, but withheld others because a protective order had not been entered. The protective order was not entered, because Defendants insisted on changes to the Court's approved protective order, which the parties were told to use. On June 29, after a protective order was entered by the Court, Defendants produced the remaining documents. Consequently, the documents were supplied to Plaintiff nine days after they should have been produced pursuant to the Court's order.

In a supplemental motion, (ECF No. 55), Plaintiff raises additional alleged discovery abuses that were not the focus of its prior motion to compel and were not expressly considered by the Court when entering the order granting Plaintiff's motion to compel. Because the prior order did not address the recent allegations of misconduct, the Court cannot sanction Defendants under Rule 37(b), which is the basis of Plaintiff's motion for sanctions. The Court simply is not in a position to evaluate the merits of Plaintiff's newly-asserted claims, which Defendants vehemently deny, without the foundation of a proper motion, memorandum, and factual support. Therefore, the supplemental motion is denied on procedural, rather than substantive, grounds.

With respect to the original motion for sanctions, the Court considers the four-pronged test set forth in *Belk*. Looking at the first prong, some justification for sanctions

5

exists. Even if the undersigned accepts Defendants' representation that their dilatory discovery responses were not motivated by bad faith or improper purpose, Defendants nonetheless failed to comply with the Court's order, which alone merits admonishment. "Indeed, any noncompliance by a party with a court-ordered discovery deadline is a ground for some form of sanctions." *Bluestein v. Central Wisconsin Anesthesiology, S.C.,* 296 F.R.D. 597, 600 (W.D. Wis. 2013) (citing *Tamari v. Bache & Co.,* 729 F.2d 469, 473 (7th Cir.1984)) ("[C]ulpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all."). The June 20 deadline was requested by Defendants. If they meant to tie their production of documents to entry of a protective order, they should have (1) said so in their motion for an enlargement of time, or (2) tendered, even if preliminarily, the Court's approved protective order with their timely production.

As far as the second prong, the undersigned finds that Defendants' nine-day delay in fully responding to discovery did not cause substantial prejudice to Plaintiff in light of the timely partial compliance by Defendants, the length of the delay in receiving the residual documents, and the amount of time remaining for discovery as stated in the Amended Scheduling Order. Even Plaintiff concedes that it was not significantly prejudiced by Defendants' failure to fully comply with the order compelling discovery.

Considering the third prong, it is vital to the efficient resolution of legal disputes that parties be deterred from noncompliance with court orders. As in this case, it is particularly vexing when lawyers refuse to work cooperatively with each other. The discovery process in federal court is designed for "the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor,* 329 U.S. 495, 501 (1947). As such, federal discovery rules "should be construed, administered, and

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Neither party has met that standard. While Defendants did not fully comply with the court order, they did partially comply and completed the production nine days later. Thus, Defendants' noncompliance was not so egregious as to merit a draconian sanction.

Finally, when considering which sanction to impose, the court must select the least drastic sanction that is effective to address the violation. Having considered all of the factors, the undersigned finds that Defendants' noncompliance, while not commendable, was not sufficiently serious to justify a substantial monetary sanction. Therefore, the Court finds that imposing a sanction against Defendants in the amount of **$500**, to be paid to Plaintiff within two weeks of the date of this Order, is an adequate admonishment.

### IV.     Defendants' Motion for Sanction

On May 27, 2020, the Court granted Defendants' Motion to Compel, (ECF No. 41 at 1), and ordered Plaintiff to provide Defendants with information regarding the attorney's fees and costs it had incurred in its dispute with Defendants. This order was driven by the fact that Plaintiff seeks reimbursement of attorney's fees and costs as an element of its damages. Although the Order granting the Motion to Compel did not explicitly state that Plaintiff needed to provide Defendants with billing records, the intent of the Order was clear. Indeed, the Order expressly granted the Motion to Compel, which sought documentation, and stated that: "Plaintiff may redact any information contained in documents that would disclose attorney work product or attorney/client communications." (ECF No. 41 at 5). If the Court had not intended for documents to be provided, it would have denied the Motion to Compel to the extent it sought supporting records, and would not have provided instruction on redaction. Despite the language in

the Order referencing documents, Plaintiff only provided Defendants with the total dollar amount of fees and costs.

Looking at the first prong of the four-pronged test, the undersigned finds that Plaintiff acted in bad faith when it did not produce the supporting documentation. Choosing to take one line of the Order out of context, Plaintiff disingenuously claimed that the Order intended only for totals to be provided. Considering that Plaintiff's counsel is an experienced litigator, the Court should not have to explain in detail exactly what it means when it "grants" the motion to compel. If Plaintiff was confused about the Order, then the undersigned should have been contacted. The disputed discovery requests were clear, and Plaintiff was compelled by the Court to answer them. Therefore, Plaintiff's inadequate response merits a sanction.

As previously noted, the Scheduling Order in this case has been amended, providing the parties with ample time to complete discovery. As such, Defendants have not been substantially prejudiced by Plaintiff's failure to produce the supporting documents. Particularly, as Plaintiff is **ORDERED** to supply those documents to Defendants within **seven days** of the date of this Order.

In regard to the last two prongs of the test, Plaintiff's misconstruing of the Court's directive should be deterred. In order for cases to be fairly resolved, courts must rely "in large part on the good faith and diligence of counsel and the parties in abiding by these rules and conducting themselves and their judicial business honestly." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 181 (S.D.N.Y. 2003). "Gamesmanship to evade answering [discovery requests] as required is not allowed." *Toll Bros. v. Gore*, No. CIV.A. 3:07-CV-92, 2008 WL 4911885, at *4 (N.D.W. Va. Nov. 14, 2008), *aff'd,* 326 F. App'x 208 (4th Cir. 2009) (citing *Hansel v. Shell Oil*

8

*Corporation,* 169 F .R.D. 303 (E.D. Pa. 1996)). Nonetheless, the Plaintiff's violation is not so severe as to merit the drastic sanction suggested by Defendants. Therefore, after considering and weighing the equities, the Court finds that sanctioning Plaintiff in the amount of **$500**, to be paid to Defendants within two weeks of the date of this Order, is adequate to admonish Plaintiff's for its noncompliance with the court order.

Notwithstanding the foregoing, the undersigned **ORDERS** that neither party is required to pay $500 to the other party, because (1) the sanctions cancel out each other; and (2) neither party complied with Local Rule of Civil Procedure 37.1(b), which requires that the moving party initiate a meet and confer session **before** filing a motion for sanctions. With respect to the latter point, the parties are further **ORDERED** to refrain from filing any additional discovery motion until they have met and conferred—either by telephone, a face-to-face internet application like skype or zoom, or in person—in an effort to resolve the discovery dispute. Letters, emails, and text or telephone messages are ***not*** sufficient to fulfill the duty to meet and confer. *See* Local R. Civ. P. 37.1(b). Counsel for the parties are **ORDERED** to promptly respond to requests for a meet and confer session by adverse counsel. Certification of a proper meet and confer session, or the efforts to schedule one, must be attached to any future discovery motion. If not, the motion will be summarily denied as premature.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** July 24, 2020

Cheryl A. Eifert
United States Magistrate Judge

9