IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MOSES ENTERPRISES, LLC,

        Plaintiff,

v.                                                              CIVIL ACTION NO. 3:19-0477

LEXINGTON INSURANCE COMPANY and
AIG CLAIMS, INC.,
aka AIG COMMERCIAL PROPERTY CLAIMS,

        Defendants.

## ORDER

Pending before the Court are: (1) Plaintiff Moses Enterprises, LLC's Motion for Summary Judgment, ECF No. 122, and (2) Defendants' Motion for Partial Summary Judgment as to Plaintiff's Claim for Punitive Damages, ECF No. 125. For the reasoning provided herein, the Court **DENIES** both Motions.

### I. BACKGROUND

In August 2018, Plaintiff Moses Enterprises sold a 2017 Toyota Highlander to an individual using a stolen identity. Compl. ¶ 10, ECF No. 1. Plaintiff was not aware that the identity had been stolen until late November 2018. *Id.* at ¶ 11. Upon learning the vehicle had been fraudulently purchased, Plaintiff immediately advised its insurer, Defendant Lexington Insurance Company. *Id.* at ¶ 12. The claim was managed by Defendant AIG Claims. *Id.* at ¶ 13. Defendant AIG Claims denied the claim on the basis that Plaintiff had failed to provide notice within 90 days of the delivery of the vehicle. *Id.* at ¶ 19.

Plaintiff filed the instant lawsuit against the Defendants asserting four claims: (1) breach of first party insurance contract; (2) violation of the West Virginia Unfair Trade Practices Act; (3) common law bad faith; and (4) reasonable expectation of coverage. *Id.* at ¶¶ 25–50. Plaintiff's Complaint seeks damages and attorney's fees and costs. *Id.* On May 26, 2020, this Court granted Plaintiff's Motion for Partial Summary Judgment and found that the Defendants unlawfully denied coverage for the losses Plaintiff incurred as a result of the fraudulent vehicle purchase. ECF No. 39, at 5. Plaintiff now seeks partial summary judgment on its claim that Defendants violated the Unfair Trade Practices Act. Both Plaintiff and the Defendants seek summary judgment regarding Plaintiff's claims for punitive damages.

## II.  LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving

party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

#### A. Unfair Trade Practices Act

West Virginia's Unfair Trade Practices Act ("UTPA") prohibits insurers from engaging in a "general business practice" of unfair claim settlement. W. Va. Code § 33–11–4(9). In order to establish a violation of the UTPA based on an insurer's handling of a single claim,

> the evidence should establish that the conduct in question constitutes more than a single violation of W. Va. Code § 33–11–4(9), that the violations arise from separate, discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event.

*Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1, 13 (W. Va. 1996). Accordingly, a valid UTPA claim against an insurer based on a single claim requires showing that the "insurer (1) violated the UTPA in the handling of the claimant's claim and (2) that the insurer committed violations of the UTPA with such frequency as to indicate a general business practice." *Holloman v. Nationwide Mut. Ins. Co.*, 617 S.E.2d 816, 823 (W. Va. 2005).

The UTPA lists fifteen general business practices that amount to unfair claim settlement practices. W. Va. Code § 33–11–4(9)(a)–(o). Additionally, the Insurance Commissioner has promulgated rules (hereinafter "Insurance Regulations") to "define certain practices in [West Virginia] which constitute unfair . . . practices . . . and methods of settlements" of insurance claims. W. Va. Code R. § 114–14–1.1(a).

Plaintiff asserts that the Defendants are responsible for eight separate violations of the UTPA and the corresponding Insurance Regulations, all of which constitute unfair settlement

practices: (1) inclusion of the notice period in the policy; (2) failing to acknowledge communications relating to the Plaintiff's claim; (3) failing to conduct a reasonable investigation; (4) failing to offer a reasonable settlement; (5) attempting to settle "for less than a reasonable man would have believed he was entitled to receive based on the policy language"; (6) failing to provide a reasonable explanation for the denial of the insurance claim; (7) failing to complete a "fair and objective investigation and to settle where there is no dispute as to coverage and liability"; and (8) improperly handling the insurance claim. Mem. in Supp of Pl.'s Mot. 6–14.

*Inclusion of Notice Period*

West Virginia Code of State Rules § 114–14–4.4 prohibits insurers from requiring notice of claim within a specified time period. Plaintiff argues that Defendants have "admitted the validity of that provision." Mem. in Supp of Pl.'s Mot. 1 (citing Am. Resps. to Pl.'s Reqs. for Admis., ECF No. 122-1). Nevertheless, Defendant Lexington's policy required Plaintiff to provide notice of any claim based on trick, device and false pretense "within 90 days of the date of such acquisition or parting." Policy, ECF No. 122-2.

Boldly, the Defendants argue that their policy did not violate § 114–14–4.4. Defs.' Resp. 9, ECF No. 132. They submit that "at all times (pre-litigation and during litigation) the Policy's notice provision was a valid legal defense that was asserted as to the timeliness of the claim submitted by Plaintiff." *Id.* Further, they argue that this Court "never concluded there was a strict violation of 114 CSR 14–4.4 solely because the Policy had the notice provision." *Id.* at 10. To this end, the Defendants cite the Court's May 2020 partial summary judgment order.

While the Court did not expressly state there was a "strict violation" of the Insurance Regulations, the provision plainly violates the unambiguous language of the regulation. *See* W. Va. Code R. § 114–14–4.4 ("Except where a time limit is specified by statute or legislative rule,

-4-

*no insurer may require a first-party claimant to give notification of a claim or proof of claim within a specified time*.") (emphasis added). Accordingly, the Court is convinced that the Defendants' inclusion of the notice period in the insurance policy violated the UTPA.

<u>*Violations Based on the Reasonableness*</u>

The decisions of the West Virginia Supreme Court of Appeals and courts in this Circuit have held that UTPA provisions related to the reasonableness of an insurer's conduct are questions of fact that should be decided by the jury, not the Court. *See Hicks ex. rel. Saus v. Jones*, 617 S.E.2d 457, 465 (W. Va. 2005); *Jackson v. State Farm Mut. Auto. Ins. Co.*, 600 S.E.2d 346, 353–55 (W. Va. 2004); *Stidd v. Erie Ins. Prop. & Cas. Co.*, No. 5:17-CV-56, 2018 WL 3028612, at *10 (N.D.W. Va. Apr. 25, 2018); *Mountaineer Prop. Co., LLC v. Assurance Co. of Am.*, No. 1:15-CV-104, 2016 WL 5107026, at *5 (N.D.W. Va. Sept. 20, 2016); *Am. Safety Indem. Co. v. Stollings Trucking Co.*, No. CIV A 204-0752, 2007 WL 2220589, at *6–7 (S.D.W. Va. July 30, 2007).

Plaintiff's allegations that the Defendants (1) failed to acknowledge and respond to communications in violation of § 33–11–4(9)(b); (2) failed to respond to communications "which reasonably suggest a response is expected" in violation of § 114–14–5.3 of the Insurance Regulations; (3) failed to conduct a reasonable investigation in violation of § 33–11–4(9)(d); (4) failed to attempt to settle the claim in good faith in violation of § 33–11–4(9)(f); (5) attempted to settle the claim "for less than the amount to which a reasonable man would have believed he was entitled" under the policy in violation of § 33–11–4(9)(h); and (6) failed to provide a reasonable explanation for denial of the insurance claim in violation of § 33–11–4(9)(n) all turn on reasonableness. Such reasonableness "is a jury question because jurors can often draw different conclusions from the evidence." *Jackson*, 600 S.E.2d at 353. Accordingly, the Court will follow the direction of West Virginia law and allow a jury to determine what was or was not reasonable.

Similarly, West Virginia Code of State Rules § 114–14–6.1 requires insurers to promptly complete a "fair and objective investigation" into insurance claims. Additionally, the Insurance Regulations provide that "where there is no dispute as to coverage," insurers shall offer settlement "amounts which are fair and reasonable, as shown by the insurer's investigation of the claim, providing the amounts so offered are within policy limits and in accordance with the policy provisions." W. Va. Code R. § 114–14–6.4. Plaintiff acknowledges that these requirements are similar to West Virginia Code §§ 33–11–4(9)(d) and (f). Mem. in Supp of Pl.'s Mot. 11. Having already concluded that the reasonableness of the Defendants' investigation and settlement attempts should be left to the jury, the Court finds that the fairness, objectiveness, and reasonableness of the Defendants' investigation and settlement offers are also questions best left to the trier of fact.

*Improper Handling of Claim*

Finally, Plaintiff asserts that the UTPA can be violated by the "improper handling of a claim." *Id.* at 13–14 (citing *Maher v. Cont'l Cas. Co.*, 76 F.3d 535 (4th Cir. 1996)). Specifically, Plaintiff argues that the Defendants' internal emails, which suggest that the Defendants did not follow up on communications from Plaintiff, evince "misfeasance." *Id.* at 14.

The Court is not convinced that *Maher v. Continental Casualty Company* stands for the proposition that mere mishandling of a claim is a violation of the UTPA. Plaintiff appears to be relying upon a footnote in which the Fourth Circuit noted that "[t]he insurer's handling (or mishandling) of the property damages claim may also serve to establish one or more violations of the statute." *Maher*, 76 F.3d at 543 n.13. The plaintiff in that case had filed two types of insurance claims, one for lost income resulting from having to partially shutdown his business and another for property damages. *Id.* at 543. The footnote simply emphasized that the insurer could have been responsible for separate violations of the UTPA due to its (mis)handling of both claims.

Similarly, West Virginia Code of State Rules § 114–14–6.1 requires insurers to promptly complete a "fair and objective investigation" into insurance claims. Additionally, the Insurance Regulations provide that "where there is no dispute as to coverage," insurers shall offer settlement "amounts which are fair and reasonable, as shown by the insurer's investigation of the claim, providing the amounts so offered are within policy limits and in accordance with the policy provisions." W. Va. Code R. § 114–14–6.4. Plaintiff acknowledges that these requirements are similar to West Virginia Code §§ 33–11–4(9)(d) and (f). Mem. in Supp of Pl.'s Mot. 11. Having already concluded that the reasonableness of the Defendants' investigation and settlement attempts should be left to the jury, the Court finds that the fairness, objectiveness, and reasonableness of the Defendants' investigation and settlement offers are also questions best left to the trier of fact.

*Improper Handling of Claim*

Finally, Plaintiff asserts that the UTPA can be violated by the "improper handling of a claim." *Id.* at 13–14 (citing *Maher v. Cont'l Cas. Co.*, 76 F.3d 535 (4th Cir. 1996)). Specifically, Plaintiff argues that the Defendants' internal emails, which suggest that the Defendants did not follow up on communications from Plaintiff, evince "misfeasance." *Id.* at 14.

The Court is not convinced that *Maher v. Continental Casualty Company* stands for the proposition that mere mishandling of a claim is a violation of the UTPA. Plaintiff appears to be relying upon a footnote in which the Fourth Circuit noted that "[t]he insurer's handling (or mishandling) of the property damages claim may also serve to establish one or more violations of the statute." *Maher*, 76 F.3d at 543 n.13. The plaintiff in that case had filed two types of insurance claims, one for lost income resulting from having to partially shutdown his business and another for property damages. *Id.* at 543. The footnote simply emphasized that the insurer could have been responsible for separate violations of the UTPA due to its (mis)handling of both claims.

Consequently, the Court finds a lack of support for Plaintiff's assertion that simply mishandling an insurance claim is a violation of the Act. While each violation of the Act may amount to mishandling a claim, the Court is not inclined to hold that the inverse in necessarily true. Surely an insurer does not violate the law each time it mishandles a claim.

<u>Conclusion Regarding UTPA Violations</u>

In light of the foregoing, the Court concludes as a matter of law that the Defendants violated West Virginia's Insurance Regulations when it included the 90-day notice period in its policy. The remaining alleged violations of the UTPA and the Insurance Regulations present questions of fact to be decided by the jury. Because liability under the UTPA cannot be predicated on a single violation, *Dodrill*, 491 S.E.2d at 13, the Court concludes that the Plaintiff is not entitled to summary judgment on the UTPA claim.

**B.  Punitive Damages**

Both the Plaintiff and the Defendants have moved for summary judgment on the issue of punitive damages. Upon a review of the motions and memoranda submitted on this issue, the Court finds that a material question of fact remains regarding Plaintiff's right to punitive damages.

The West Virginia Supreme Court of Appeals has held that "punitive damages for failure to settle a property dispute shall not be awarded against an insurance company unless the policyholder can establish a high threshold of actual malice in the settlement process." *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80 (W. Va. 1986). Actual malice requires more than just negligence, the plaintiff must show "that the company actually knew that the policyholder's claim was proper, but willfully, maliciously and intentionally denied the claim." *Id.* at 80–81. This standard applies not only to *Hayseeds* bad faith claims, but also to UTPA claims. *McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 515 (W. Va. 1996).

Plaintiff argues that it is entitled to punitive damages because the Defendants failed to settle or pay the claim after being notified that the notice provision in the insurance policy violated the Insurance Regulations. Mem. in Supp of Pl.'s Mot. 14–15. Instead, it argues that the Defendants and their representatives ignored Plaintiff's letter and follow up phone call. *Id.* at 15. Additionally, Plaintiff submits that the email chain produced by the Defendants during discovery shows that the adjuster realized the denial was improper and tried to come up with other justifications for the denial of the claim. *Id.*; Emails, ECF No. 122-6. Plaintiff maintains that malice "is the only possible explanation" for the Defendants' conduct because (1) the purported basis for the denial was not permitted under West Virginia law, (2) the Defendants' own manual requires claims representatives to follow local laws, and (3) the Defendants did not pay the claim after they were informed of the relevant prohibitory law. Mem. in Supp. of Pl.'s Mot. 15; AIG Manual, ECF No. 128.

Defendants, on the other hand, argue that their conduct "cannot be considered anything more than mere negligence." Defs.' Mem in Supp. 5, ECF No. 126. They submit that the denial of the claim was based solely on the contractual language and that their failure to respond to Plaintiff's February 19, 2019 letter "was based on innocent oversight and confusion." *Id.* at 5; AIG Letter, ECF No. 125-1; Aff. of Kevin Bidney, ECF No. 125-2. Accordingly, they submit that Plaintiff cannot show actual malice. Defs.' Mem. in Supp. 4–6.[1]

---

[1] To this end, Defendants also submitted an "opinion" letter from a Mr. Burke A. Christensen, JD, CLU. Expert Report, ECF No. 125-3. As Plaintiff notes, Mr. Christensen's opinion was submitted in the form of a letter rather than an affidavit or declaration based on personal knowledge. Pl.'s Mem. in Opp. 7, ECF No. 130. Unsworn expert reports "are inadmissible on summary judgment unless accompanied by affidavits or depositions swearing to their contents and conclusions." *Edens v. Kennedy*, 112 F. App'x 870, 879 (4th Cir. 2004). Defendants attached a sworn copy of Mr. Christensen's opinion to its Reply. Sworn Letter, ECF No. 130-3. Regardless, the Court finds that consideration of the opinion fails to sway the Court from the conclusion that a material question of fact remains about whether the Defendants acted with actual malice.

The Court finds that the Plaintiff has not demonstrated that Defendants are liable for punitive damages as a matter of law. If the jury believes the Defendants' assertions that its representatives acted carelessly, rather than willfully or maliciously, then that could preclude a finding of actual malice. Similarly, the Court finds that the Defendants have not demonstrated that Plaintiff is not entitled to punitive damages as a matter of law. If the jury believes Plaintiff's claims that the Defendants denied the insurance claim despite knowing that the denial was unlawful, they may also conclude that punitive damages are warranted. A conclusion on punitive damages in this case is best left to the trier of fact based on the evidence produced at trial. Accordingly, both Plaintiff and Defendants' motions for summary judgment regarding punitive damages are **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the pending Motions for Summary Judgment, ECF Nos. 122 & 125, are **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:       April 21, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE