IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MOSES ENTERPRISES, LLC,

          Plaintiff,

v.                                                  CIVIL ACTION NO.   3:19-0477

LEXINGTON INSURANCE COMPANY and
AIG CLAIMS, INC.,
aka AIG COMMERCIAL PROPERTY CLAIMS,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Moses Enterprises, LLC's Motion for Attorney's Fees (ECF No. 228). For the reasons herein, the Court **GRANTS** the Motion.

**I. FACTUAL BACKGROUND**

This case involved an underlying insurance dispute between Plaintiff and Defendants. After a vehicle was stolen from Plaintiff and Defendants denied their insurance claim, Plaintiff filed an insurance suit on June 25, 2019, alleging breach of contract, violation of the West Virginia Unfair Trade Practices Act ("UTPA"), common law bad faith, and reasonable expectations. *See* Compl., ECF No. 1. On April 29, 2020, Defendants' counsel sent a letter to Plaintiff's counsel, explaining that Defendants would be issuing a check to Plaintiff (and mailing it to Plaintiff's counsel's attention) in the total amount of $44,640.91.[1] Ex. A, ECF No. 229-1; Ex. B, ECF No.

---

[1] This total amount was calculated from the purchase price of the vehicle ($41,223.91) plus the 2020 statutory interest rate of 4.75% accruing from the date of the loss.

229-2. On May 19, 2020, Plaintiff's counsel returned the check, noting that "[a]s [he] had informed [Defendants' counsel] prior," he "did not agree to accept this check" and withdrawing his client's previous settlement offer. Ex. C, ECF No. 229-3.

Litigation continued. On May 26, 2020, this Court issued a Memorandum Opinion and Order granting partial summary judgment in Plaintiff's favor, finding that Defendants unlawfully denied coverage for the losses Plaintiff incurred. *See e.g.*, Mem. Op. and Order, ECF No. 39. Lengthy and contested litigation continued for more than a full year. On August 16, 2021, parties agreed to partially settle the case. In the settlement agreement, Plaintiff released all claims under the insurance policy, including all extra-contractual claims (including claims under *Hayseeds* or insurance bad faith).[2] However, the release did not cover the amount of attorney's fees owed to Plaintiff under *Hayseeds* or the UTPA. Parties were unable to agree to the amount of attorney's fees, triggering the instant motion. The Motion has been fully briefed and is ripe for resolution.

## II. DISCUSSION

The general rule for attorney's fees is the American Rule that, "each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement except when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Collins v. Bridgeport*, 525 S.E.2d 658, 668 (W. Va. 1999). However, in *Hayseeds*, the Supreme Court of Appeals of West Virginia made an important exception to this general rule, holding "whenever a policyholder must sue his own insurance company over any property damage claim, and the policyholder substantially prevails in the action, the company is

---

[2] The Court does not have a copy of the settlement agreement available for its review, so the exact details of its contents come from Defendants' Response, ECF No. 229. However, both parties agree that they settled the case except as to the issue of attorney's fees and costs. Pl.'s Mot. at 1-2, ECF No. 228; Defs.' Resp. at 13-4, ECF No. 229.

liable for the payment of the policyholder's reasonable attorney's fees." *Hayseeds v. State Farm Fire and Cas.*, 352 S.E.2d 73, 80 (W. Va. 1986). In deciding what constitutes a reasonable amount, the court should consider the factors set forth in *Aetna Cas. & Sur. Co. v. Pitrolo*, 342 S.E.2d 156 (W. Va. 1986).

At the outset, Defendants do not contest that Plaintiff substantially prevailed under *Hayseeds* and may recover some amount of attorney's fees. Defs.' Resp. at 4. Nor do they dispute the reasonableness of any of the fees. *Id*. at 6. The parties disagree on the date up to which fees are recoverable. Defendants argue that recoverable attorney's fees are limited to those incurred through May 2020. *Id*. at 4-9. They suggest that the latest date for which attorney's fees are recoverable is either May 2, 2020, when they unilaterally issued a check to Plaintiff, or May 26, 2020, when this Court granted Partial Summary Judgment in Plaintiff's favor. *Id*. at 1. Plaintiff argues that it is entitled to fees and costs for the entire litigation, until final settlement was reached. Pl.'s Reply at 11, ECF No. 230.

In *Hayseeds,* the Supreme Court of Appeals of West Virginia held that "[w]henever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." Syl. pt. 1, *Hayseeds*, 352 S.E.2d 73. In *Lemasters,* the Supreme Court of Appeals of West Virginia clarified that the insured's entitlement to *Hayseeds* damages does not necessarily continue through the course of subsequent bad-faith litigation. *Lemasters v. Nationwide Mut. Ins. Co.*, 751 S.E.2d 735, 743 (W. Va. 2013). In *Lemasters*, the plaintiff filed a claim with his insurance company for an automobile accident. *Id*. at 738. When parties could not agree over the extent of injuries and losses, final settlement was delayed. *Id.* The Lemasterses instituted a civil suit to

recover benefits; the case settled approximately one year later, with the payment of the full policy amount. *Id.* At the time of settlement, the Lemasterses did not move for *Hayseeds* attorneys costs and fees; instead, they amended their complaint to include a bad faith claim for violation of the UTPA. *Id*. at 739. When the bad faith case went to trial, the jury returned a verdict in favor of the plaintiffs. *Id*. After the verdict on the bad faith claim, the Lemasterses moved for attorneys' fees and costs, based on UTPA violations, arguing that, under *Hayseeds*, they were entitled additional fees, costs, and expenses for litigating the bad faith claim, which the circuit court denied. *Id*. at 739-40. The Supreme Court of Appeals of West Virginia affirmed the circuit court's decision, and, in doing so, dismissed the Lemasterses' argument that their *Hayseeds*' damages continued through the duration of the bad faith claim. *Id*. at 743-44. It noted that, "in the case at bar, the insurance proceeds were paid and the circuit court awarded those fees shown to be directly associated with obtaining that payment to the Lemasterses. There is simply no authority in our jurisprudence that supports the Lemasterses' contention that the *Hayseeds* damages continue throughout the course of bad faith litigation." *Id.* at 743.

In reaching its decision, the Supreme Court of Appeals of West Virginia recognized that there was some confusion over the scope of recoverable attorneys' fees in vindicating *Jenkins*/UTPA claims. *Id*. at 742-43.[3] However, it clarified that the circuit court's decision to not award fees on the UTPA claim was supported by West Virginia precedent limiting attorneys' fees to the underlying action against the tortfeasor "as opposed to the present case where the fees arose

---

[3] *Jenkins* recognized that "[a]n implied private cause of action may exist for a violation by an insurance company of the unfair settlement practice provisions of W. Va. Code, 33-1-4(9); but such implied private cause of action cannot be maintained until the underlying suits is resolved." Syl. pt. 2, *Jenkins v. J.C. Penney Cas. Ins. Co.*, 280 S.E.2d 252 (1981).

out of a bad faith action." *Id*. (citing *Dodrill v. Nationwide Mut. Ins. Co*., 491 S.E.2d 1 (W. Va. 1996). It is within this framework that the Court must analyze the current claim for attorney's fees.

First, *Lemasters* is not dispositive on this issue. Here, unlike in *Lemasters*, the case for the underlying action against the tortfeasor and the bad faith action were pursued as one singular claim, which was not resolved or paid until the August 2021 settlement. *Lemasters* dealt with a bifurcated proceeding; the Lemasterses had settled their *Hayseeds* and contractual claims against the insurance company and actually received payment for those claims. Only after this settlement did the plaintiffs amend their complaint to allege a UTPA violation and seek attorney's fees in litigating that specific claim, which the court denied. Here, the case was a single proceeding where all claims were developed coextensively, and Plaintiff received no agreed-upon or adjudicated payment of any claim until the final settlement conference. *Lemasters* spoke to claims asserted under the UTPA and served as a limit on them; it did not specifically limit *Hayseeds* claims or contractual damages, nor is there any syllabus point on the issue of attorney's fees. In fact, the Supreme Court of Appeals of West Virginia reaffirmed that the conditions and predicates for bringing a case under *Jenkins* are "wholly different from those necessary for bringing an underlying contract action or for bringing an action under *Hayseed*s." *Id*. at Syl. pt. 5. Here, of course, both claims were brought together and proceeded together throughout the course of litigation.

Nor are the dates suggested by Defendant appropriate to use as the cut-off point for an award of attorney's fees. Defendants' unilateral issuance of the unsolicited May 2020 check did not resolve the underlying contractual claim for the reasons the Court recognized earlier. *See e.g.,* Mem. Op. and Orders, ECF Nos. 141, 223. The check did not moot the contractual case nor otherwise resolve the claim. Instead, it was a settlement offer, which was rejected; Plaintiff's

claims continued to exist. This Court again finds that the May 2020 check was a settlement offer and not a payment of the insurance claim; accordingly, it would not be appropriate to limit attorney's fees to this point in time. Neither did the Memorandum Order and Opinion granting partial summary judgment resolve the matter. ECF No. 39. Finding that Defendant had breached the insurance contract did not, in this instance, settle the insurance policy claim in its entirety. The insurance claim was not vindicated by the partial summary judgment order; the order resulted neither in payment nor fully resolved the issue of damages on the contractual claim.

Plaintiff was not actually paid until all claims were settled at the Final Settlement Conference on August 16, 2021, and Plaintiff's counsel's services remained necessary until this point. It would be disingenuous to suggest that the additional year of litigation continued only on the non-*Hayseeds* claims, specifically where the settlement agreement, as described by Defendants, "covered the amount claimed by Plaintiff under the policy, which had previously been determined to be appropriate, plus most other extra-contractual damages claimed…." and "included a release of all claims under the insurance policy, including claims under *Hayseeds* or insurance bad faith." Def.'s Resp. at 3-4. In determining reasonable attorneys' fees, the court is to look at negotiations between the parties as a whole, "from the time of the insured event to the final payment of the insurance proceeds." Syl. pt. 6, *Richardson v. Kentucky Nat. Ins. Co*, 607 S.E.2d 793 (W. Va. 2004). Plaintiff did not receive payment for his contractual claims at any point before the settlement agreement.

Allowing Plaintiff to recover the entire amount of attorney's fees incurred until the final resolution of the case is in line with the public policy underpinning *Hayseeds*. Under *Hayseeds*, the insurer is liable for "the insured's reasonable attorneys' fees in vindicating its claim" and "the insured's damages for net economic loss caused by the delay in settlement, and damages for

aggravation and inconvenience." *Hayseeds*, syl. pt. 1, 352 S.E.2d 73. Plaintiffs are specifically entitled to both these measures of damages because "when an insured purchases a contract of insurance, he buys insurance – not a lot of vexatious, time-consuming, expensive litigation with his insurer." *Id*. at 79. Attorneys' fee awards are also important to encourage "prompt payment of valid claims." *Id*.

Here, because Defendants denied policy coverage, Plaintiff had to sue and endure extensive litigation; the denial of coverage persisted over a significant period. If the insurer can simply pay out the policy amount and cut off liability for attorney's fees, an unfair anomaly results. Because the insured is specifically entitled to both the policy amount and specified additional damages (which are usually less than the policy amount), it is left with a dilemma: whether to proceed in litigation for the other damages and fully vindicate its claim, but pay its own attorney's fees, or to simply give up its claim to additional damages. This allows the insurance company to effectively deprive the insurer of the benefit of the bargain and unfairly shifts the burden to plaintiffs to seek what they are explicitly entitled to receive under *Hayseeds*. The outcome is contrary to the very purpose of *Hayseeds*, to make the insured party whole. *See id.* at 79 (quoting *Aetna Cas. & Surety Co.*, 342 S.E.2d at 160 ("Where an insurer has violated its contractual obligation to defend its insured, the insured should be fully compensated for all expenses incurred as a result of the insurer's breach of contract.")). Here, the insured will not be made whole unless it is entitled to the attorney's fees necessary to vindicate its contractual claim, which include those incurred until the final settlement date.

Accordingly, the Court will **GRANT** the entire amount of attorney's fees requested by Plaintiff.

## IV. CONCLUSION

For the reasons herein, the Court **LIFTS** the stay on the matter and **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 228). The Court **ORDERS** that and **ADJUDGES** that Defendants are liable to Plaintiff for the amount of $293,135.45 in attorney's fees and costs.

ENTER:   March 1, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE