IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MOSES ENTERPRISES, LLC,

        Plaintiff,

v.                                                CIVIL ACTION NO.  3:19-0477

LEXINGTON INSURANCE COMPANY and
AIG CLAIMS, INC.,
aka AIG COMMERCIAL PROPERTY CLAIMS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On March 1, 2022, this Court entered a Memorandum Opinion and Order granting Plaintiff Moses Enterprises LLC's Motion for Attorney's Fees and adjudging Defendants Lexington Insurance Company and AIG Claims, Inc. liable to Plaintiff for $293,135.45. ECF No. 231. Currently pending before the Court is Defendants' Motion to Stay Execution of Judgment Pending Appeal and Waive Bond. ECF No. 236.

"[I]t has always been held that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (internal citations omitted). Federal Rule of Civil Procedure 62(b) governs the stay of a money judgment and provides, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). Here, Defendant has not posted a supersedeas bond and is thus not entitled to a stay as a matter of right. *See Daugherty v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 728, 730 (S.D.W. Va. 2016) (citing *United States v. O'Shea*, No. 5:12–CV–04075, 2015 WL 1822848, at *1 (S.D.W. Va. Apr.

21, 2015)); *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999) ("Rule 62(d), by its terms, says no more than that an appellant may obtain a stay as a matter of right by posting such a bond.")).

However, the Court has "discretion to grant a stay with a reduced bond if appropriate." *Id*. Generally, a court considers the following factors with respect to a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 (1987)).

"In considering stays with reduced bond requirements, district courts within the Fourth Circuit have referenced the standard adopted within the Fifth Circuit Court of Appeals, which provides: 'The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.'" *O'Shea*, 2015 WL 1822848, at *2 (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979) (internal citations omitted)). "[A] full bond may not be necessary in either of two polar circumstances: (i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when 'the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden.'" *Alexander*, 190 F.R.D. at 193 (quoting *Poplar Grove Planting & Ref. Co.,* 600 F.2d at 1191).

Here, it is clear from the financial information provided by Defendants in support of their motion, as well as from readily obtainable information regarding their financial situation, that "defendant[s'] ability to pay the judgment is so plain that the cost of bond would be a waste of

money." *See Koger v. Norfolk S. Ry. Co.*, No. 1:08-0909, 2010 WL 11561927, at *1 (S.D.W. Va. May 6, 2010) (quoting *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). Defendant Lexington Insurance Company ended 2021 with assets of over $18 billion; it has more than sufficient assets to cover the judgment in this matter. *See* Exhibit A, ECF No. 236-1. The Court is confident of Defendants' ability to pay the judgment.

For the foregoing reasons, Defendants' Motion to Stay Execution of Judgment Pending Appeal and Waive Bond is **GRANTED** (ECF No. 236) and the Court **WAIVES** the bond requirement.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 15, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE